This case comes before the court on cross-motions for summary judgment. Plaintiffs are the parents of a deceased public safety officer within the meaning of the Public Safety Officers’ Benefits Act of 1976,[1] and the question is whether plaintiffs were "dependent” on the deceased for the purposes of the Act. Upon the briefs, and after oral argument, we conclude that we cannot overturn the determination of the Law Enforcement Assistance Administration that they were not so dependent.
The facts of this case are tragically simple. On October 1, 1977, after only a month as a volunteer fire fighter with the Perkins Township Fire Department in Sandusky, Ohio, plaintiffs’ son was electrocuted while helping to hang a church banner. The deceased lived with his parents and contributed to their support. In the last year of his life *777 (October 1976 to October 1977), the deceased earned a combined salary, from the fire department and from a job at a funeral home, of $1,762.60[2] a low figure due in part to the fact that he was incapacitated twice during that year, first for abdominal surgery and then from an acute ankle strain. It appears that deceased also performed services around the house, including work in the family’s large vegetable garden and painting, cooking and cleaning.[3] The combined salaries of the deceased’s parents for the period in question seems to have between $11,000 and $12,000.
It is not disputed that the deceased’s death occurred in his "line of duty” as a volunteer fire fighter, causing the Public Safety Officers’ Benefits Act to be applicable. 42 U.S.C. § 3796(a). Plaintiffs claim the $50,000 death benefit allowed by the Act to "dependent” parents. Id. Dependency is defined by the statute to cover persons who were "substantially reliant for support upon the income of the deceased public safety officer,” 42 U.S.C. § 3796b(2), and it is interpreted by regulation to be that: "Generally, the Administration will consider a parent * * * 'dependent’ if he or she was reliant on the income of the deceased officer for over one-third of his or her support.” 28 C.F.R. § 32.15(d) (1980).
On January 25, 1979, the Law Enforcement Assistance Administration ( leaa) denied plaintiffs’ claim for the death benefit, ruling that plaintiffs were not dependent on the deceased for the purposes of the Act. Plaintiffs filed a motion for reconsideration, and a hearing was conducted on May 23, 1979. The report of that hearing, issued on July 2, 1979, concluded:
Although a precise dollar value cannot be placed on the services provided for the family by the decedent during the last twelve (12) months of his life, I am of the opinion that these services, along with the maximum funds that could have been provided by the decedent to the family, fall short of the requirements of Section 32.15. I have determined that the services and monetary support is less *778 that [sic] one-third required to consider the parents dependent upon their son * * *.
The Administrator of the LEAA affirmed this decision on August 10, 1979, and plaintiffs filed here on January 16, 1981.
Plaintiffs’ basic assertions are: (1) that 28 C.F.R. § 32.15(d), relied on by the LEAA, is invalid on its face, (2) alternatively, that the regulation is invalid as applied to these facts and (3) that there is ample evidence in the record to show that the LEAA’s determination of no dependency was wrong.
The thrust of plaintiffs’ attack on the validity of section 32.15(d) is that the statute contains no criterion of one-third support and that the regulation is then improper for including it. Plaintiffs point to legislative history that indicates that Congress specifically did not want a fixed percentage requirement, [1976] u.s. code cong. & ad. news 2511, and assert that it is contrary to the liberal purpose of the statute for the regulations to put one in. We note, however, that the one-third "requirement” in section 32.15(d) is merely a guideline, and we find that it does not offend the statute for the implementing regulation to include a general indicator of what will constitute a satisfactory showing. We do not read the regulation to mean that one-third support is a necessary criterion.
This leads to plaintiffs’ second point, that the LEAA erred in applying the one-third support language as if it actually was necessary to show. To support this assertion, plaintiffs point to the excerpt of the hearing officer’s decision quoted above, to the phrases: "the requirements of Section 32.15” and "that [sic] one-third required to consider the parents dependent.” We recognize that these objections of plaintiffs are well directed but do not believe that those passages mean other than that the hearing officer chose his words badly. Upon a full consideration of the entire decision, and after a full review of the hearing transcript and exhibits, we believe that the hearing officer merely thought that the particular facts of this case (e.g., that the deceased lived with his parents instead of vice versa, that he contributed little actual money, that plaintiffs overvalued *779 the deceased’s household services and that those services were severely curtailed — or suspended — during two periods of incapacitation) did not warrant the more in-depth consideration that would be accorded a case presenting a stronger showing of dependency.
Plaintiffs’ third point, that there is ample evidence to show that the leaa was wrong, also is to no avail. The review standard of this court is, in fact, the reverse. The leaa must be upheld if there is substantial evidence to show that it was right. There is such substantial evidence on the record to support the leaa’s conclusion that plaintiffs were not dependent on the deceased for the purposes of the Public Safety Officers’ Benefits Act.
it is therefore ordered that defendant’s motion for summary judgment is granted. Plaintiffs’ cross-motion for summary judgment is denied. The petition is dismissed.

 Pub. L. No. 94-430, 90 Stat. 1346 (1976) (codified at 42 U.S.C. §§ 3796 to 3796c (1976).

 Due to a low number of runs by the fire department during the time of his employment, the deceased earned only $8 there.

 Some of this work was to relieve deceased’s mother, who suffered from high blood pressure.